# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

LAROD GROSS                                                    PLAINTIFF

V.                                                                                         NO. 4:10CV110-M-A

LT. WILLIAMS, et al.                                                 DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. The Plaintiff complains that Defendant Williams confiscated his property. The Plaintiff never describes what property was taken and, since the alleged depravation, he has been transferred to another facility. In response to his grievance, MDOC stated that the Plaintiff's property had been located and would be transported to him as soon as possible. As redress for this perceived constitutional violation, the Plaintiff is seeking compensatory damages.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

To the extent Plaintiff seeks redress for loss or deprivation of his property that is "random and unauthorized," the United States Supreme Court has held that such deprivation does not

constitute a civil rights violation as long as the state provides a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 541-44, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). It is well established that neither the negligent nor intentional deprivations of property violate due process where there is an adequate state tort remedy available. *Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Fifth Circuit has upheld dismissal of countless cases involving prisoners' suits for property deprivation because of the availability of state law remedies. *Myers v. Klevenhage*, 97 F.3d 91, 94-95 (5th Cir. 1996); *Murphy v. J.A. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 763-64 (5th Cir. 1984).

Mississippi provides post-deprivation remedies for both negligent and intentional conversions of property. *See* Miss. Code Ann. §§ 11-38-1 *et seq.* (claim and delivery); Miss Code Ann. §§ 11-37-101 *et seq.* (replevin); *Masonite Corp. v. Williamson*, 404 So.2d 565, 567 (Miss. 1981) (conversion). It is plaintiff's burden to establish that the post-deprivation remedies are not adequate. *Myers*, 97 F.3d at 94-95.

Here, the Plaintiff has failed to allege, much less prove, that these remedies are not adequate. Moreover, the Fifth Circuit has held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Thus, Plaintiff's remedy is not found in a Section 1983 action, but in a tort claim under state law. Therefore, he has failed to state a cognizable constitutional claim. Additionally, the Plaintiff has failed to describe what property was confiscated. Finally, in response to his grievance, MDOC explained that his property would be transported to him as soon as possible. Accordingly, the complaint has no merit and shall be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 30th day of September, 2010.

                                           **/s/ MICHAEL P. MILLS**
                                           **CHIEF JUDGE**
                                           **UNITED STATES DISTRICT COURT**
                                           **NORTHERN DISTRICT OF MISSISSIPPI**